

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

September 19, 1951

Hon. William H. Davis
County Attorney
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. V-1287

Re: Several questions re-
    specting the travel-
    ing expenses of con-
    stables.

Your request for an opinion contains the
following questions concerning traveling expenses
of constables under the provisions of Senate Bill
362, Acts 52nd Leg., R.S. 1951, ch. 264, p. 424
(Art. 6889c, V.C.S.):

"1. What is meant by the wording
'to and from points within this State'?

"2. Does this statute intend the
mileage be allowed only in specific
cases, that is, an individual to be
arrested or served with legal papers,
or does it allow for any travel in con-
nection with investigations, discussing
matters in connection with the case
with witnesses, etc.?

"3. Would it cover mileage within
the city or as under a former ruling
only mileage beginning after one mile?

"4. Would the Court be authorized
to set the rule for mileage other than
in a specific case, going to place of
arrest of defendant and returning him
to Court or jail?"

Section 1 of Senate Bill 362 provides:

"The County Commissioners Courts of
this state are hereby authorized to sup-
ply or pay for the transportation of con-
stables and deputy constables of the re-
spective counties and justice precincts

to and from points within this State, under one of the four following sub-sections:

"(a) Constables and deputy constables may be furnished adequate motor transportation including all expense incidental to the upkeep and operation of such motor vehicles.

"(b) Motor vehicles may be furnished to constables and deputy constables who may furnish gas and oil, wash and grease, incidental to the operation of such vehicles; for which gas and oil, wash and grease, such constables and deputy constables shall be compensated at a rate not to exceed four cents (4¢) per mile for each mile such vehicle is operated in the performance of the duties of his or their office.

"(c) County Commissioners Courts may allow constables and deputy constables in the respective counties and justice precincts to use and operate cars on official business personally owned by them for which such officers shall be paid not less than six cents (6¢) per mile nor more than ten cents (10¢) for each mile traveled in the performance of official duties of their office.

"(d) All compensation paid under the provisions of this Act shall be upon a sworn statement of such constable or deputy constable.

"(e) This Act shall not apply to counties having a population of less than twenty thousand (20,000) people."

Senate Bill 362 is almost identical to House Bill 501, Acts 50th Leg. 1947, ch. 204, p. 351 (Art. 6877-1, V.C.S.), the only differences being that the provisions of Article 6877-1, V. C.S., are mandatory and provide for traveling expense for the sheriff and his deputies in

every county of the State, while the provisions of Senate Bill 362 are discretionary with the commissioners' court and provide traveling expense for the constables and their deputies in all counties having a population of 20,000 or more inhabitants.

Prior to the enactment of Senate Bill 362, the commissioners' court could not pay traveling expense to constables who were compensated on a salary basis. Att'y Gen. Op. V-71 (1947).

Since the language in Senate Bill 362 is the same as that contained in Article 6877-1, the construction placed on Article 6877-1 will be equally applicable to Senate Bill 362.

In Att'y Gen. Op. V-526 (1948), it is stated:

"Section 2 of H.B. 501 provides that prior to the present Act there was no adequate law providing for transportation for sheriffs and their deputies. Therefore, the Legislature enacted H.B. 501 and did not place a limit on the number of miles which the sheriff could travel in the performance of official duties. On the contrary, the Legislature provided under subdivision (c) that they 'shall be paid not less than six cents (6¢) per mile nor more than ten cents (10¢) per mile for each mile traveled in the performance of official duties.' Therefore, it is our opinion that the Commissioners' Court cannot limit the number of miles which the sheriff and his deputies may travel in the performance of official duties.

"H.B. 501 states that 'all compensation paid under the provisions of this Act shall be upon a sworn statement of such sheriff.' In view of this provision, it is our opinion that the Commissioners' Court may require the sheriff to furnish the Court in his sworn account such information which is necessary for the Court to determine

what mileage was traveled in the performance of those duties set out in various statutory provisions prescribing the duties of the sheriffs and their deputies. See Art. V, Sec. 23, Texas Constitution."

In answer to your first three questions, therefore, you are advised that the commissioners' court is authorized under Senate Bill 362 to pay the traveling expense of constables and deputy constables traveling on any official business within this State, whether such expense be incurred in traveling within the corporate limits of a city or town or outside the corporate limits of a city or town. Official business will include not only making arrests and serving legal papers but also investigations in connection with any official duty.

In answer to your fourth question, you are advised that if the commissioners' court adopts the provisions of Article 6889c, the commissioners' court may not limit the number of miles a constable may travel in the performance of his official duties. However, the commissioners' court may require sufficient information in the constable's sworn accounts of traveling expense to determine how many miles were traveled in the performance of his official duties.

## SUMMARY

Pursuant to provisions of Senate Bill 362, Acts 52nd Leg., R.S. 1951, ch. 264, p. 424 (Art. 6889c, V.C.S.), the commissioners' court in a county of 20,000 or more inhabitants is authorized to pay the traveling expense of constables and deputy constables traveling on official business in this State, regardless of whether such expense is incurred while traveling within the corporate limits of a city or town or outside the corporate limits of a city or town. Official business includes not only making arrests and serving legal papers but also investigations in connection with any official duty.

If the commissioners' court adopts the provisions of Senate Bill 362, the court may not limit the number of miles a constable may travel in the performance of his official duties. However, the commissioners' court may require sufficient information in the constable's sworn accounts to determine the number of miles he traveled in the performance of his official duties.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

JR:awo

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant